HEYMAN *v.* KROPP

1. PRISONS—GOOD TIME—DISCIPLINARY ACTION.
   Disciplinary action by a prison warden forfeiting the good time
   which a prisoner had accumulated as credit on a sentence
   he is serving is sustained where the prisoner had been convicted
   of assault with intent to do great bodily harm less than mur-
   der on another prisoner and later had the conviction set aside
   but the record does indicate that the assault did in fact occur
   (MCLA § 800.33).

2. PRISONS — GOOD TIME — DISCIPLINARY ACTION — NOTICE — PRO-
   CEDURE.
   A statute providing that a prison warden may, by special order,
   take away any portion or the whole of the good time made
   by any convict up to the date of any infraction of the
   prison rules does not provide for particular notice or proce-
   dure before the warden may exercise such authority; therefore,
   absent such statutory requirement and considering the con-
   struction placed thereon by the warden in such cases, a pris-
   oner is not entitled to attack the legality of the forfeiture
   of his accumulated good time credit on the ground that rec-
   ognized prison rules were not followed in his case (MCLA
   § 800.33).

Original action in Court of Appeals. Submitted
Division 2 May 7, 1970, at Lansing. (Docket No.
8,393.) Decided May 28, 1970. Leave to appeal
denied August 12, 1970. See 383 Mich 816.

Original action in Court of Appeals by Irving
Heyman against George A. Kropp, warden, State

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Prisons and Prisoners §§ 36, 37, 41–43.

Prison of Southern Michigan, for a writ of mandamus to restore a credit for time on a sentence he is serving. Writ denied.

*Irving Heyman, in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

ROBERTS, J. This is an original action in this Court in which petitioner seeks a writ of mandamus ordering George A. Kropp, the warden of the State Prison of Southern Michigan, to restore to him the "good time" which he had accumulated as credit on a sentence he is now serving. MCLA § 600.4401 (Stat Ann 1970 Cum Supp § 27A.4401); GCR 1963, 714(1).

In 1958, Irving Heyman was convicted in Detroit Recorder's Court of armed robbery and was sentenced to serve not less than 15 nor more than 30 years under the jurisdiction of the State Department of Corrections. The petitioner was transferred to the State Prison for Southern Michigan (Jackson) to serve his sentence.

On or about December 2, 1961, the guards assigned to the "north yard" of the prison investigated a commotion and personally observed the petitioner running after another inmate (one Springette) with a knife in his hand. Springette informed the officers that petitioner had just stabbed him. On January 31, 1962, the incident was brought to the attention

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the prison disciplinary board and petitioner was ordered held in segregated status pending further investigation. The prison disciplinary board reconsidered this matter on February 28, 1962, and again continued it. On March 28, 1962, the disciplinary board recontinued this matter pending the outcome of criminal proceedings instituted against petitioner in the circuit court for the county of Jackson. On April 5, 1962, petitioner was convicted of assault with intent to do great bodily harm less than murder. On April 9, 1962, the warden of Jackson determined that petitioner had committed a breach of discipline and ordered that petitioner forfeit his accumulated statutory "good time" allowance of 9 months and 24 days. On June 24, 1969, petitioner asked the warden to review the matter. On June 27, 1969, petitioner was informed that consideration of his request would "have to be made a little later." For reasons not here relevant petitioner's April 5, 1962, assault conviction was set aside in April 1969 by the United States District Court.

Petitioner presents a twofold attack on the legality of the forfeiture of his accumulated "good time": (1) He contends that since his assault conviction was subsequently set aside by the United States District Court, he may not be penalized for his actions by forfeiture of his statutory good time, and (2) since recognized prison rules were not followed in his case, the loss of his statutory good time is null and void. The Attorney General essentially counters that the warden's actions lie well within his recognized discretion and, under the facts presented here, are not (or should not be) reviewable by the judiciary since the warden is an officer of the executive branch of government.

We reject petitioner's first contention. Nothing appears on this record to indicate that the setting aside of defendant's April 5, 1962 conviction by the Federal district court occurred because defendant did not stab Springette. The record does indicate that that stabbing occurred. This is sufficient to sustain disciplinary action in the form of forfeiture of good time. CLS 1961, § 800.33 (Stat Ann 1954 Rev § 28.1403).

With respect to petitioner's second contention, § 800.33 does not provide for particular notice or procedure before the warden may exercise the authority therein granted to him. Absent such a statutory requirement and on the reasoning of *Lane* v. *Department of Corrections, Parole Board* (1970), 383 Mich 50, petitioner was not entitled to what he here asserts was his right.

The issuance of a writ of mandamus is dependent on a showing that petitioner has a clear legal right to performance of a specific duty by the defendant and that defendant has a clear legal duty to act. *Mardiros* v. *Secretary of State* (1968), 11 Mich App 541. Neither element is established on this record.

Writ denied.

All concurred.