LUNDBERG v CORRECTIONS COMMISSION

1. MANDAMUS—WRIT—DISCRETION—PUBLIC OFFICIALS—CLEAR LEGAL DUTY.

Mandamus is a discretionary writ which will issue against a public official only to compel the enforcement of a clear legal duty.

2. MANDAMUS—NATURE OF ACT—MINISTERIAL NATURE—DISCRETION.

The act requested by mandamus ordinarily must be of a ministerial nature; however, the execution thereof may involve some measure of discretion.

3. STATUTES—CONSTRUCTION OF STATUTES—WORDS AND PHRASES—DEFINITIONS—"SHALL".

Use of the term "shall" in a statute means that the statute is mandatory unless other considerations compel a contrary conclusion.

4. STATUTES—SUFFICIENCY IN DETAIL—CORRECTIONS COMMISSION—CORRECTION FACILITIES—PROMULGATION OF RULES—REPEAL OF STATUTES—LEGISLATIVE VOID.

The Legislature considered a statute to be sufficient in detail to enable the Corrections Commission to formulate rules and regulations for the operation of correction facilities where it had repealed other statutes dealing with the duties of the warden, clerk and physician, where there was then no legislative pronouncement as to the proper functions of their responsibilities, where the void could be corrected only by the promulgation of proper rules, and where the express purpose of the repealing act was to repeal obsolete and inoperative laws (MCLA 791.206, 800.1 *et seq.*).

5. MANDAMUS—STATUTES—CORRECTIONS COMMISSION—CORRECTION FACILITIES—PROMULGATION OF RULES—LEGAL MANDATE.

A statute which states that the Corrections Commission "shall

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 166 *et seq.*
[2, 4, 5] 52 Am Jur 2d, Mandamus §§ 76, 80–82.
[3] 73 Am Jur 2d, Statutes §§ 22, 25.

promulgate rules and regulations which shall provide" for the operation of correction facilities contains a clear legal mandate for the commission to act, and a writ of mandamus will issue if after a reasonable time rule-making procedures are not properly initiated (MCLA 791.206).

Original action in the Court of Appeals. Submitted Division 2 September 10, 1974, at Lansing. (Docket No. 16892.) Decided January 6, 1975.

Complaint for mandamus by Leonard H. Lund-Berg against the Corrections Commission to direct the defendant to promulgate rules and regulations for the operation of correction facilities pursuant to statute. Writ will issue if necessary.

Leonard H. LundBerg, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas A. Carlson,* Assistant Solicitor General, for defendant.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is an original action by the plaintiff, an inmate at Marquette State Prison, seeking a writ of mandamus directing the defendant to promulgate rules and regulations for the operation of correction facilities pursuant to the provisions of MCLA 791.206; MSA 28.2276. This Court ordered the defendant to show cause why the relief sought should not be granted.

The statute involved in this case reads in pertinent part:

"The director, having first obtained the approval of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the commission, * * * , shall promulgate rules and regulations which *shall* provide:

.                         *   *   *

"For the management and control of state penal institutions, correctional farms, probation recovery camps, the wayward minor program and youthful trainee institutions and programs for the care and supervision of youthful trainees separate and apart from persons convicted of crimes within the jurisdiction of the commission." (Emphasis added.)

Mandamus is a discretionary writ and will issue against a public official only to compel the enforcement of a clear legal duty. *Livonia Drive-In Theatre v Livonia,* 363 Mich 438; 109 NW2d 837 (1961). Ordinarily the act requested must be of a ministerial nature. However, the execution thereof may involve some measure of discretion. *Michigan Dental Society v Secretary of State,* 294 Mich 503; 293 NW 865 (1940). If the act requires some discretion but is mandated by statute and the officer failed to carry out the provisions of the statute the courts may order him to do so. *Bischoff v County of Wayne,* 320 Mich 376; 31 NW2d 798 (1948). Thus, in order to grant the relief prayed for we must find that there is a clear legal duty to promulgate rules and regulations.

It is a well-settled proposition that unless other considerations compel a contrary conclusion the use of the term "shall" means that the statute is mandatory. *Township of Southfield v Drainage Board,* 357 Mich 59; 97 NW2d 821 (1959). In this case we see no reason for refusing to give "shall" its ordinary meaning.

The Commission in its brief has called our attention to the fact that parts of MCLA 800.1 *et seq.;* MSA 28.1371 *et seq.* dealing with the duties of the warden, clerk and physician have been repealed.

This leaves no legislative pronouncement as to the proper functions of their responsibilities. We agree with the plaintiff that this repeal creates a void which can be corrected only by the promulgation of proper rules. The purpose of 1972 PA 179, which repealed the foregoing provisions, as stated in its title was to "repeal * * * obsolete and inoperative laws". Thus, the Legislature must have considered that MCLA 791.206; MSA 28.2276 was sufficient in detail to enable the Commission to formulate rules.

For the reasons stated we hold that the statute contains a clear legal mandate for the Commission to promulgate rules. Perhaps in anticipation of this ruling the Commission informs us it has retained the services of research assistants for the purpose of drafting rules. In light of this the Commission will be given a reasonable time not in excess of 90 days to initiate formal rule-making procedures under the Administrative Procedures Act.

The writ will issue if necessary. No costs, the interpretation of a statute being involved.

All concurred.