WILLIAMS v WARDEN, MICHIGAN REFORMATORY

Docket No. 77-3555. Submitted October 5, 1978, at Escanaba.—Decided March 6, 1979.

Plaintiff Ted Williams, an inmate of the Michigan Reformatory at Ionia, brings an original action in the Court of Appeals for mandamus seeking to compel the warden of the reformatory to restore his good-time credits previously forfeited by order of the warden. Plaintiff contends he was not afforded due process in connection with such forfeitures. *Held:*

The plaintiff's assaults upon another inmate are the type of conduct falling within the class of infractions for which forfeiture of good-time credits may result only if authorized by duly promulgated rules by the Director of Corrections. No such rules have been promulgated, therefore, the forfeiture of plaintiff's good-time credits was not within the warden's power and was a denial of due process of law.

The petition for a writ of mandamus is granted. Defendant will restore to the plaintiff the good-time credits forfeited.

1. PRISONS — GOOD-TIME ALLOWANCES — STATUTES.

A convict's sentence may be reduced for each month of good conduct served by the convict in accordance with the schedule set out in the statute regarding good-time allowances (MCL 800.33; MSA 28.1403).

2. PRISONS — GOOD TIME — FORFEITURE RULES — ADMINISTRATIVE PROCEDURES ACT — GUIDELINES — RULES — STATUTES.

The good-time statute authorizes the Director of Corrections to provide for the forfeiture of good-time credits earned by a convict for any infraction of the prison rules by promulgating rules governing such forfeitures in compliance with the Administrative Procedures Act; the Administrative Procedures Act

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 533.

60 Am Jur 2d, Penal and Correctional Institutions § 58.

[2, 3] 60 Am Jur 2d, Penal and Correctional Institutions § 64.

Withdrawal, forfeiture, modification, or denial of goodtime allowance to prisoner. 95 ALR2d 1262.

provides that an agency shall not adopt a guideline in lieu of a rule (MCL 24.226, 800.33; MSA 3.560[126], 28.1403).

3. PRISONS — GOOD TIME — FORFEITURE RULES — SPECIAL ORDERS — SERIOUS ACTS OF INSUBORDINATION — ESCAPE — STATUTES.

A convict's good-time credits may be forfeited for one or more infractions of prison rules in any month in accordance with rules promulgated by the Director of Corrections delineating how much good time shall be forfeited or by special order of the warden where there is a serious act of insubordination, attempt to escape or escape; a convict must escape, attempt to escape, or commit an act both serious and insubordinate in order to be punishable by special order of the warden (MCL 800.33; MSA 28.1403).

Ted Williams, *in propria persona,* and *Dawn Van Hoek,* Assistant State Appellate Defender, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiff, an inmate of the Michigan Reformatory at Ionia, brings this original action for mandamus, seeking to compel the defendant warden to restore 7 months, 26 days of good time previously forfeited by order of the warden. We hold that plaintiff's good time was improperly forfeited, and that mandamus should issue.

Plaintiff was twice accused of assault upon another inmate, and was twice found guilty in prison disciplinary proceedings. Following each incident plaintiff's accumulated good time was ordered forfeited by the warden, as recommended by the disciplinary officers. Plaintiff contends that he was

not afforded due process of law in connection with these forfeitures, and we agree.

The good time statute, MCL 800.33; MSA 28.1403, provides for a reduction of a convict's sentence for each month of good conduct, according to a schedule set out in the statute. The same statutory section also provides for forfeiture of accumulated good time, as follows:

"The commissioner of corrections may, by general rule, subject to amendment from time to time and subject to general rules promulgated in compliance with the provisions of Act No. 88 of the Public Acts of 1943, as amended, being sections 24.71 to 24.82, inclusive, of the Compiled Laws of 1948, prescribe how much of the good time earned under the foregoing provisions a convict shall forfeit for 1 or more infractions of the prison rules in any month, and for any serious act of insubordination, attempt to escape, or escape, the warden may, by special order, take away any portion of the whole of the good time made by any convict up to the date of such offense."[1]

The quoted portion of the good time statute clearly authorizes the Director of Corrections to provide for forfeiture of good time for any infraction of prison rules by promulgating rules governing such forfeitures in compliance with the Administrative Procedures Act.[2] We note with approval that the director has recently promulgated rules defining resident misconduct and providing certain penalties therefor, including loss of good time "in

[1] Act No. 88 of the Public Acts of 1943 was repealed by the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Reference to the repealed act is now deemed to be a reference to the APA, *see* MCL 24.312; MSA 3.560(212).

[2] The rule-making power formerly vested in the Commissioner of Corrections now reposes in the Director of Corrections, subject to approval of the Corrections Commission, *see* MCL 791.206; MSA 28.2276.

accordance with guidelines established by the department", 1977 AACS, R 791.5505. We will assume that guidelines have been established; however, the Administrative Procedures Act, under which the good-time rules must be promulgated, specifically provides, MCL 24.226; MSA 3.560(126): "An agency shall not adopt a guideline in lieu of a rule". The good time statute requires the formulation of rules, not guidelines, and the director has failed to promulgate such rules.

In the absence of properly promulgated rules delineating how much good time shall be forfeited for one or more infractions of prison rules in any month, good time may be forfeited by special order of the warden only for a serious act of insubordination, attempt to escape or escape. The infractions charged against plaintiff were clearly not escapes or attempts to escape. Nor do we believe that the term "insubordination" may be interpreted so broadly as to encompass plaintiff's conduct. The statute authorizes loss of good time by special order only for *serious* acts of *insubordination*. We interpret this to mean that the offense must fulfill both criteria to be punishable under the statute. Thus an act which is unquestionably insubordinate, but which represents little, if any, threat to institutional order, may not result in forfeiture of good time by special order. By the same token, an infraction of the rules which, though serious, does not constitute the sort of open defiance of authority which is insubordination may not be summarily punished under this provision. To hold otherwise would lead to absurd results. Theft from another inmate, for example, could be punished as insubordination, although it clearly does not represent a challenge to or defiance of the prison authorities. Likewise, refusing to make

one's bed could result in loss of good time by special order, even though such an act presents little threat to good order in the prison.

Plaintiff's conduct falls within the class for which forfeiture of good time may result only if authorized by duly promulgated rules, *cf. Pfefferle v Corrections Comm*, 86 Mich App 366; 272 NW2d 563 (1976). No such rules having been promulgated, forfeiture of plaintiff's good time was not within the power of the warden.

The good time statute establishes a procedure by which the department of corrections may forfeit a convict's good time. The department has chosen not to follow this procedure, yet it purports to have forfeited plaintiff's good time. It is manifest that the action of the defendant, acting in disregard of the clear requirements of the statute, denied plaintiff the due process of law to which he is entitled, *Wolff v McDonnell*, 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974).

We are aware of this Court's decision in *Heyman v Kropp*, 24 Mich App 231; 180 NW2d 47 (1970), rejecting a claim that a forfeiture of good time for an assault was a denial of due process. We note that *Heyman* was decided before the United States Supreme Court opinion in *Wolff v McDonnell, supra*, and would appear to be overruled by that opinion. To the extent that *Heyman v Kropp, supra*, holds that MCL 800.33; MSA 28.1403 establishes no procedure for forfeiture of good time, we decline to follow it.

Because we find that forfeiture of plaintiff's good time was improper under MCL 800.33; MSA 28.1403, we do not consider whether the actual procedure at the hearings complied with the requirements of *Wolff v McDonnell, supra*.[3]

---

[3] The Xerox copies of prison records which were furnished us in lieu

The petition for a writ of mandamus is granted. Defendant will restore to plaintiff 7 months and 26 days of good time.

D. E. HOLBROOK, J., did not participate.

of the originals reveal significant gaps in documentation of hearing procedures. *Wolff v McDonnell,* cited in text, *supra,* mandates that an accused inmate be given written notice of the charges no less than 24 hours before the disciplinary hearing. In the first assault charged, no such notice appears in the record furnished us by prison officials, although what purports to be a copy of such notice is attached as an appendix to defendant's brief. *Wolff* also provides that the inmate be afforded the opportunity to call witnesses in his defense, unless doing so would endanger the safety of the institution. The record does not reveal whether plaintiff was afforded the opportunity to present witnesses, or, if he was not, why not. *Wolff* leaves to the discretion of prison officials whether to grant the accused inmate the right to confront and cross-examine his accuser, based on a balancing of the inmate's interest in cross-examination against the danger of disruption in the institution. There is nothing in the record to indicate whether the discretion conferred on prison officials was ever exercised, although in the case of the first assault plaintiff was found guilty solely on the basis of an officer's written report of information he received from an inmate. *Wolff* also mandates that the inmate be given written findings stating what evidence forms the basis for the hearing board's decision. In the two instances with which we are concerned, the only findings which appear on the hearing report are, in one case, "Guilty based on written report" and, in the other, "Based on written report and statement to the court by both Steve Adams and John Staten". We question whether "findings" such as these will facilitate review by other bodies or protect the plaintiff "against collateral consequences based on a misunderstanding of the nature of the original proceeding", *Wolff, supra,* 418 US at 565. On this record, we would be hard put to find that plaintiff was afforded the due process rights to which he is entitled under *Wolff v McDonnell, supra.*