## McGRATH v CLARK

Docket Nos. 78-1211, 78-1212. Submitted November 7, 1978, at Lansing.—Decided March 20, 1979.

Robert L. McGrath and Paul McGrath were injured when the motorcycle they were riding was struck by a vehicle driven by Dennis N. Clark, and each of the McGraths sued Clark for damages. Before trial defendant made offers of judgment to each plaintiff which were accepted by them. Before entry of the judgments a dispute arose over payments of costs and interest. The parties resolved the dispute with regard to costs only. The Lenawee Circuit Court, Kenneth B. Glaser, Jr., J., ruled that no interest attached to the judgments. Plaintiffs appeal, and the cases are consolidated for hearing and decision. *Held:*

The offers of judgment in this case made no provision for interest. Therefore, the matter of interest is controlled by statute, and interest is to be allowed the same as on any other judgment.

Remanded for modification of the judgments to allow for prejudgment interest.

1. Statutes — Construction of Statutes — Words and Phrases — Shall — Any.

Under normal rules of statutory construction, the word "shall" is mandatory and not a grant of discretion and similarly, the word "any" is to be considered all-inclusive.

2. Judgment — Offer of Judgment — Interest on Judgment — Statutes — Court Rules.

Interest is to be allowed on an offer and acceptance of judgment in the same manner as on any other judgment where the parties have made no provision for interest in either the offer or the acceptance of judgment pursuant to court rule (MCL 600.6013; MSA 27A.6013, GCR 1963, 519).

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes §§ 25, 244.
[2] 45 Am Jur 2d, Interest and Usury § 60.
[3] 45 Am Jur 2d, Interest and Usury § 97.

3. Judgment — Interest on Judgment — Accumulation of Interest — Statutes — Court Rules.

 The statute and the court rule which govern the allowance of prejudgment interest, when read together, provide a method for the termination of the accumulation of interest but not for the elimination of interest altogether (MCL 600.6013; MSA 27A.6013, GCR 1963, 519).

*Baker, Durst, Marr & Nelson,* for plaintiffs.

*Robertson, Bartlow & Des Chenes, P.C.,* for defendant.

Before: D. F. Walsh, P.J., and T. M. Burns and D. E. Holbrook, Jr., JJ.

T. M. Burns, J. These consolidated cases were based on a single incident and raise the same issue of law on appeal. The issue relates to the payment of prejudgment interest under MCL 600.6013; MSA 27A.6013, where the parties agree on an offer of judgment under GCR 1963, 519.1. The problem arises on the following facts.

On June 19, 1975, Robert and Paul McGrath were injured when the motorcycle they were riding was struck from the rear by a pickup truck driven by defendant Dennis Clark. Individual suits were started in the name of each plaintiff on November 3, 1975. Two weeks before the trial date, defendant made an offer of judgment in the amount of $10,000 to Robert McGrath and $20,000 to Paul McGrath. The offers were silent on the question of interest and represented the limits of liability on defendant's insurance policy. The offers were accepted and the appropriate documents were filed with the court.

Although rule 519 envisions that once the offer is accepted and filed, the clerk will perform the ministerial act of entering the judgment, in this case a dispute arose over the payment of costs and

interest on the judgment. The dispute on costs was resolved and is not questioned on appeal. The circuit court resolved the interest question in favor of defendant and this appeal followed.

Rule 519.1,[1] while resolving the question of costs, does not mention interest.[2] The offer in this case did not contain an interest term. The trial court held that no interest attached to the judgment, apparently because it believed that no interest attached to offers of judgment or that interest was implicitly included in the amount offered. We disagree and reverse.

RJA § 6013[3] provides that "[i]nterest shall be

[1] The entire rule provides: "1. Offer of Judgment. A party defending against a claim may serve upon the adverse party an offer, in writing, to allow judgment to be taken against him for all or a part of the claim for relief in accordance with the term of the offer together with costs then accrued. If the adverse party serves written notice that the offer is accepted, within 10 days after the service of the offer and before the evidence is closed, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer which is received 10 days before the evidence is closed and is not accepted within 10 days after being received shall be considered rejected. An offer received less than 10 days before the evidence is closed may be accepted or expressly rejected before the evidence is closed but if it is not thus expressly accepted or rejected the offer shall not be considered as rejected and shall have no effect on costs. Evidence of an offer is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the rejected offer, the offeree must pay the taxable costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

[2] In the original volume, Honigman & Hawkins made it clear that rule 519 had no effect on the question of interest. See, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 647.

[3] The statute provides: "Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently

allowed on any money judgment recovered in a civil action * * *". Under normal rules of statutory construction, the word "shall" is mandatory and not a grant of discretion to the trial court. See *King v Director of Midland County Department of Social Services,* 73 Mich App 253, 259; 251 NW2d 270 (1977). By the same rules, the word "any" is to be considered all-inclusive. We, therefore, conclude that where the parties have made no provision for interest in the offer or acceptance of a judgment under rule 519.1, interest is to be allowed the same as on any other judgment.

This is not inconsistent with either the purposes of GCR 519 or prior cases. We agree with defendant that one of the purposes of rule 519 is to promote settlements and avoid costly litigation. It does not necessarily follow, however, that prejudgment interest merges into the offer by implication. This would occur if the court rule expressly provided for the offer to include interest, but the present rule does not. Compare, Proposed MCR 2.405.[4] *Cf.* WCCR 21.13 (meditation). Under the present rule, where the offer is silent on the question of interest the statute applies. This leaves the parties free to negotiate on the subject but does not deprive one party of a statutory right by mere silence. As Honigman and Hawkins have noted, the effect of rule 519 in conjunction with

---

rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made." MCL 600.6013; MSA 27A.6013.

The last sentence of the statute is not applicable because the offer was accepted. But, it may be relevant to show that the legislative intent was not to eliminate interest altogether, but only to terminate the accumulation of interest at the time of the offer.

[4] Proposed MCR 2.405(a)(2) defines an offer as "a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, including all costs and interest then accrued".

RJA § 6013 is to possibly stop interest from running on the date of the offer. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 250 (1978 supp). It is two completely different things to say that the rule will terminate the accumulation of interest and to say that the rule will eliminate interest altogether. The statute and rule provide for the termination of the accumulation of interest, not its elimination.

Neither *Bertilacci v Avery,* 42 Mich App 483; 202 NW2d 331 (1972), *lv den* 388 Mich 801 (1972), nor *Beltz v Kimberley,* 63 Mich App 700; 235 NW2d 25 (1975), dealt with the question presented by this case. Both involved a situation where the offer was rejected and a trial held. There is no indication in either case that interest was not included in the rejected offer and in *Beltz* it is clear that interest was included in the rejected offer, not to be added to it. Those cases do not control here.

In conclusion, we hold that where the parties agree on the entry of judgment under GCR 519.1, but make no provision for prejudgment interest, the party in whose favor the judgment is entered is entitled to interest under RJA § 6013.[5] We, therefore, remand these cases to allow the judgment in each to be modified to provide for prejudgment interest as provided in the statute.

Remanded. Costs to appellants.

---

[5] On the question of whether the insurance carrier can be held responsible for prejudgment interest which would bring the total amount paid by the company above the stated policy limits, see *Denham v Bedford,* 82 Mich App 107; 266 NW2d 682 (1978).