WEST BLOOMFIELD HOSPITAL v CERTIFICATE OF NEED
BOARD

Docket Nos. 149134, 149139, 149140, 149181, 149228. Submitted September 15, 1994, at Lansing. Decided January 17, 1995, at 10:10 A.M.

West Bloomfield Hospital, Huron Valley Hospital, William Beaumont Hospital, Sisters of Mercy Health Corporation, Pontiac Osteopathic Hospital, and two other medical care facilities, all of which were located in the same area of Oakland County, each applied in 1983 or 1984 to the Department of Public Health for a certificate of need in order to build a new or alter an existing medical facility. Following a comparative review of the seven proposals, the department determined that there was no need for any of the proposed projects. The applicants appealed the department's decision to the Certificate of Need Board, which eventually affirmed the department's decision in all respects except for the application of Pontiac Osteopathic Hospital. The board found that the department's disapproval of Pontiac Osteopathic's application was arbitrary and not in accordance with law and, accordingly, granted a certificate of need to Pontiac Osteopathic. The other applicants appealed the board's decision to the Ingham Circuit Court. The court, James R. Giddings, J., vacated the portion of the board's decision granting a certificate of need to Pontiac Osteopathic and affirmed the order in all other respects. Five separate appeals, each with a cross appeal, were filed and were consolidated.

The Court of Appeals *held*:

Section 22132 of the now-repealed certificate of need legislation in effect when the applications at issue were filed, MCL 333.22132; MSA 14.15(22132), provided that the "determination of need shall be consistent with the criteria and guidelines published for this purpose in the state medical facilities plan." The Legislature clearly intended the adoption of a state medical facilities plan to provide protection against the depart-

REFERENCES

Am Jur 2d, Administrative Law §§ 478, 479; Hospitals and Asylums § 4.

See ALR Index under Administrative Law; Hospitals.

ment's unbridled discretion in granting or denying applications for certificates of need. Because the department did not adopt a state medical facilities plan as mandated by § 22132, the department's use of unpromulgated criteria in evaluating the issuance of certificates of need to these applicants was in violation of the statutory procedural limitations in applying its discretion and, thereby, rendered the department's denial of the certificates invalid. The fact that the criteria that the department did use might have been adequate does not change the effect of the failure of the department to perform the task required of it by statute. The court should have ordered the issuance of the certificates of need.

Reversed and remanded.

CAVANAGH, J., dissenting, stated that the order of the circuit court should be affirmed, because the use by the Department of Public Health of the acute care bed need method as a substitute for the nonexistent state medical facilities plan in evaluating the applications for certificates of need was consistent with the legislative intent and reached a result consistent with the purpose of the certificate of need legislation.

HOSPITALS — CERTIFICATES OF NEED — STATE MEDICAL FACILITIES PLAN.

A provision in a former section of the Public Health Code relative to the issuance of certificates of need required the Department of Public Health to adopt a state medical facilities plan that set forth the criteria and guidelines by which the determination of need would be made; the failure of the department to adopt a state medical facilities plan as required by statute rendered any determination concerning a certificate of need a violation of the statutory procedural limitations of its discretion (MCL 333.22132; MSA 14.15[22132], now repealed).

*Foster, Swift, Collins & Smith* (by *Gary J. McRay* and *Eric E. Doster*), for West Bloomfield Hospital.

*Miller, Canfield, Paddock & Stone* (by *James C. Foresman* and *Jay B. Rising*), for Huron Valley Hospital.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter H. Ellsworth* and *William C. Bertrand, Jr.*), for William Beaumont Hospital.

*Howard & Howard* (by *David L. Kaser* and *Todd D. Chamberlain*), for Sisters of Mercy Health Corporation.

*McGinty, Brown, Jakubiak, Frankland, Hitch & Henderson, P.C.* (by *Kenneth P. Frankland*), for Pontiac Osteopathic Hospital.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Susan I. Leffler* and *Marvin L. Bromley,* Assistant Attorneys General, for the Certificate of Need Board and the Department of Public Health.

Before: WEAVER, P.J., and CAVANAGH and TAYLOR, JJ.

TAYLOR, J. Appellant health care facilities appeal as of right from a circuit court order affirming in part and reversing in part an order of the Certificate of Need Board. Appellee Department of Public Health cross appeals from the same order. The appeals were consolidated for purposes of our review. We reverse.

This matter arises out of competition among several health care facilities to secure a certificate of need authorizing hospital construction in a section of Oakland County described as subarea 48. On December 21, 1983, Pontiac Osteopathic Hospital filed with the department an application for a certificate to authorize a new 112-bed satellite hospital in Clarkston. Pontiac Osteopathic proposed a transfer to Clarkston of 112 currently licensed beds from its existing 308-bed facility in downtown Pontiac. The existing facility would then be renovated as a modern 196-bed hospital. At that time, two other matters were pending before the department. One was a certificate application from Huron Valley Hospital proposing an

addition of 150 beds to an authorized but uncompleted 153-bed facility. The other was West Bloomfield Hospital's letter of intent to build an additional 200-bed facility while voluntarily delicensing the same number of beds in two or more of its other hospitals located in another subarea in the southeastern lower peninsula. All three parties sought authorization to establish new service for acute care hospital beds in the area.

In February 1984, the department notified the applicants of its determination that a comparative review of their proposals was required pursuant to the now-repealed certificate of need provisions of the Public Health Code, MCL 333.22101 et seq.; MSA 14.15(22101) et seq.[1] The department published its notice of intent to conduct the comparative review, and four other facilities then filed certificate applications. After conducting a comparative review of all seven proposals, the department determined that the area did not need any of the proposed projects. The seven applicants appealed the department's decision to the need board. Discovery took place over the next three years, during which time there were interlocutory appeals, collateral actions, and multiple preliminary motions. After nine days of prehearing conferences and motions, the evidentiary hearing was conducted over the course of sixty days spanning seven months. On June 30, 1989, the hearing officer issued a 112-page Proposal for Decision recommending that the need board affirm the department's decision and deny all of the requested certificates.

The applicants filed exceptions to the proposal for decision, and the department filed replies, after which the need board heard oral arguments and

[1] For the present legislative scheme, see MCL 333.22201 et seq.; MSA 14.15(22201) et seq.

issued its order affirming the department's decision with respect to all applications except that of Pontiac Osteopathic. The board found that the department's disapproval of Pontiac Osteopathic's application was arbitrary and not in accordance with law. Accordingly, the board granted a certificate to Pontiac Osteopathic, but denied certificates to all the other applicants on the basis of its own determination that there was no need for the proposed health facilities or services.

The board's decision was appealed to the circuit court. The circuit court vacated the portion of the board's decision granting a certificate to Pontiac Osteopathic and affirmed the decision in all other respects. This appeal from the circuit court decision followed.

There are many issues raised in this matter, one of which is dispositive. The Legislature conditioned the department's authority to grant certificates of need upon the adoption by the department of a state medical facilities plan. MCL 333.22132; MSA 14.15(22132). The department's failure to adopt a facilities plan constitutes a violation of a clear legal duty. *LundBerg v Corrections Comm,* 57 Mich App 327, 329; 225 NW2d 752 (1975). Because the required facilities plan was not promulgated, the granting or denial of a certificate of need was not within the power of the department. *Williams v Warden, Michigan Reformatory,* 88 Mich App 782, 786; 279 NW2d 313 (1979).

The certificate of need legislation illustrated the Legislature's conclusion that it was in the public interest to establish a certificate of need program to "provide for review and determination of need before new institutional health services, facilities, and organizations were offered or developed or substantial expenditures were undertaken in preparation for their offering or development." MCL

333.22111; MSA 14.15(22111). Accordingly, § 22113(1), MCL 333.22113(1); MSA 14.15(22113)(1), provided in part:

> [A] person shall not begin operation of a new health facility, make a change in bed capacity, make a change in service, or undertake a capital expenditure for the construction, conversion, addition to, or modernization in excess of $150,000.00 of a health facility or make commitment for financing the offering or development of a new institutional health service without first obtaining a certification of need which documents a demonstrated need and grants permission for the proposed project.

In order to ensure the existence of standards against which the actions of the department could be measured, the Legislature specifically mandated that the department's determination of need be made in accordance with a properly promulgated and published "state medical facilities plan." Section 22132 provided:

> In reviewing a request for a certificate of need for the construction of, addition to, or modernization of a health facility, including a project to correct a licensing deficiency, approval shall be based on, but not limited to, a demonstrated current and future need for the facility or a part of the facility. *The determination of need shall be consistent with the criteria and guidelines published for this purpose in the state medical facilities plan.* [Emphasis added.]

Although the Legislature employed the term "shall" in directing the department to create a facilities plan, the parties acknowledge that a facilities plan was never adopted as required by the act. MCL 333.22132; MSA 14.15(22132). Under

well-established rules of statutory construction, the term "shall" denotes that the duty imposed is mandatory and imperative and excludes the idea of administrative discretion. *Macomb Co Road Comm v Fisher,* 170 Mich App 697, 700; 428 NW2d 744 (1988); *McGrath v Clark,* 89 Mich App 194, 197; 280 NW2d 480 (1979). When the Legislature chooses to vest an administrative agency with the power to regulate public conduct, it must provide for adequate standards and guidelines to protect the public from the exercise of uncontrolled, arbitrary power. *Saroki v Detroit,* 73 Mich App 519; 252 NW2d 234 (1977). See, also, *Dep't of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976); *Osius v St Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956). Where the Legislature has set out specific standards of conduct, or has otherwise directed the agency to act in a particular manner, the agency may not ignore the Legislature's mandate. See *Ranke v Corps & Securities Comm,* 317 Mich 304; 26 NW2d 898 (1947); *Pharris v Secretary of State,* 117 Mich App 202, 208-209; 323 NW2d 652 (1982).

In this case, the Legislature intended the facilities plan to provide protection against the department's unbridled discretion in granting or denying certificate applications. However, the department failed to adopt a facilities plan, ignoring the Legislature's mandate to limit its exercise of "absolute, uncontrolled discretion in its issuance of certificates of need." *Huron Valley Hosp, Inc v State Health Facilities Comm,* 110 Mich App 236, 243; 312 NW2d 422 (1981). Like the Court in *Huron Valley,* we conclude that the department's use of unpromulgated criteria in evaluating the issuance of certificates was "in violation of the statutory procedural limitations in applying its discretion." *Id.* at 243-244. The failure of the department to

adopt and follow a facilities plan, where such action was mandated by law, was error. *Williams, supra* at 786. Thus, the denial of the certificates was invalid. *Huron Valley Hosp, supra* at 244.

The circuit court incorrectly determined that the department's failure to adopt the legislatively mandated facilities plan was inconsequential because the criteria that the department did use were adequate. The court reasoned that the department should not be held culpable for its failure to adopt a facilities plan. We soundly reject this proposition. The public's right to engage in what is otherwise lawful conduct must not be left to the regulation of administrative bodies functioning without rules, regulations, or guidelines, simply because the administrative agencies refuse to perform the tasks that the law requires of them.

We reverse and remand to the circuit court for issuance of certificates of need. We do not retain jurisdiction.

WEAVER, P.J., concurred.

CAVANAGH, J. *(dissenting).* I respectfully dissent.

Appellant health care facilities have provided no authority for the proposition that a comparative review may not be carried out in the absence of a state medical facilities plan; the statute simply fails to provide for such an eventuality. Accordingly, I agree with the circuit court's excellently reasoned opinion finding that the Department of Public Health's use of the acute care bed need method as a surrogate for the nonexistent facilities plan in this comparative review was consistent with the legislative intent, particularly in view of the inclusion of the acute care bed need method in the state medical facilities plan. See MCL 333.22154; MSA 14.15(22154) (repealed).

Moreover, I am unhappy that the result of the majority opinion is to undermine the purpose of the certificate of need legislation, which was to attempt to exercise some restraint on runaway health care costs. Following extensive and detailed investigation, which has been subject to exhaustive and impartial review, the competent authority has determined that there is no need for the proposed projects. Therefore, there is nothing to be gained, and much to be lost, by requiring further proceedings in this case.

Because none of the issues raised on appeal warrant reversal, I would affirm.