J. M. TROUBLEFIELD, *Appellant*, v. H. M. E. TROUBLEFIELD, *Appellee.*

1. The subjects of divorce and reformation of conveyances are not so kindred as to make their joinder in one bill of complaint necessarily proper.

2. After a divorce had been decreed defects in the allegations not demurred to may be disregarded if all the essentials appear and the evidence fully sustains the allegations and the decree.

3. Where it appears that a third person not a party to the suit has an adverse interest in a deed decreed to be reformed, the decree of reformation will be reversed.

This case was decided by Division A.

Appealed from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Thomas E. Wilson,* for Appellant.

*Andrew Johnson,* for Appellee.

WHITFIELD, C. J.—The appellee filed a bill in equity in the circuit court for Orange county, Florida, against the appellant in which it is alleged in substance that the appellee is an actual resident of Orange county, Florida, and that she has been a resident in Florida for thirteen years; that in 1898, she was lawfully married to appellant in Green Cove Springs, Florida; that they lived together as man and wife till November, 1906, she faithfully performing her marital duties; that on November 8, 1906, the appellant wilfully deserted and absented himself from

appellee and for more than one year has persisted in such desertion and continues so to do.

The bill contains other allegations that certain lands were paid for by appellee and the title thereto was taken in the name of the appellant. The prayer is for divorce and that appellant be restrained from disposing of the property paid for by appellee. Service by publication was had and the notice indicated that the suit was for divorce. It appears that subsequent to the constructive service, the bill of complaint was amended, showing that a conveyance of the land had been made to a third person. Later an amended bill was filed for a divorce as above stated and for a decree declaring title to the land to be in appellee and that the clerk of the circuit court as ex-officio recorder of deeds "be required to reform, correct or cancel" the deeds made to appellant conveying the lands paid for by appellee as alleged.

A decree was rendered reciting a decree pro confesso granting the divorce and declaring void the deeds made to appellant and requiring the clerk to "reform said deeds so that the same shall read to Hariet Matilda Elizabeth Troublefield instead of John M. Troublefield," after reciting that the grantor in the deeds, a corporation, no longer exists. On appeal the decree is assigned as error.

The two subjects of litigation contained in the bill of complaint are not so kindred as to make their joinder in one bill of complaint necessarily proper. The defendant did not appear or plead. The constructive notice of the proceeding referred to the divorce proceeding, but made no reference to the litigation as to the lands, and the record shows a probable interest of a third person who was not a party to the decree.

The allegations relating to the divorce are not full and specific in the manner of statement, but the bill was not

demurred to, and material matters of substance were not wholly omitted. After a divorce had been decreed defects in the allegations not demurred to may be disregarded if all the essentials appear and the evidence fully sustains the allegations and the decree. A decree may be affirmed in part and reversed in part.

The allegations of the bill of complaint in so far as they relate to the prayer for a divorce are in substance sustained, and as the constructive service related to divorce proceedings, the decree granting a divorce is affirmed; but as an absent third party appears to have an interest in the decree as to the land, the decree affecting the title to the land described in the bill of complaint is reversed.

- The appellant will pay the costs of this appeal.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.