James H. MEREDITH, Appellant,

v.

Charles Dickson FAIR et al., Appellees.

UNITED STATES of America, Amicus Curiae and Petitioner,

v.

STATE OF MISSISSIPPI et al., Defendants.

No. 19475.

United States Court of Appeals Fifth Circuit.

Oct. 19, 1962.

Constance Baker Motley, New York City, R. Jess Brown, Vicksburg, Miss., for appellant.

Charles Clark, Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., Dugas Shands, Asst. Atty. Gen. of Mississippi, Jackson, Miss., for appellees.

Attorneys entered on show cause only:

John Doar, First Asst. Atty. Gen., Burke Marshall, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., Walter Suthon, New Orleans, La., Francis T. Zachary, Hattiesburg, Miss., J. D. Doty, Pontotoc, Miss., W. H. Barbour, Yazoo City, Miss., Chester H. Curtis, Clarksdale, Miss., Will A. Hickman, Oxford, Miss., M. B. Montgomery and Edward L. Cates, Jackson, Miss., Orma R. Smith, Corinth, Miss., J. P. Coleman, and Ben H. Walley, Jackson, Miss., Fred B. Smith, Ripley, Miss., Charles L. Sullivan, Clarksdale, Miss.

Before TUTTLE, Chief Judge, and RIVES, JONES, BROWN, WISDOM, GEWIN and BELL, Circuit Judges.

ORDER AND JUDGMENT ON THE MOTION OF THE STATE OF MISSISSIPPI TO DISSOLVE THE TEMPORARY RESTRAINING ORDER OF SEPTEMBER 25, 1962, TO DISMISS THE CONTEMPT PROCEEDINGS AGAINST ROSS R. BARNETT and PAUL B. JOHNSON, JR., and ORDER AND JUDGMENT ON MOTION OF APPELLANT and UNITED STATES OF AMERICA, AMICUS CURIAE, PETITIONER, FOR PRELIMINARY INJUNCTION.

This matter came on for hearing on October 12, 1962, pursuant to an order to show cause why a preliminary injunction should not be granted against the named Respondents, and on a motion subsequently filed by the State of Mississippi to dissolve the temporary restraining order entered by this Court on September 25, 1962, and to dismiss the pending contempt proceedings which had resulted in a judgment of this Court finding respondent, Ross R. Barnett, guilty of civil contempt. The United States, Amicus Curiae, by designation of the Court, as petitioner herein, named all of the respondents whose names are included in the caption of this order. The appellant named some but not all of the said respondents but did not name the State of Mississippi as a party.

Petitioners introduced oral testimony and documentary evidence which fully sustained the allegations of the petition. Respondents all appeared by counsel. Neither the State of Mississippi nor any other respondent made any factual showing in an effort to contradict the allegations of fact or the testimony tendered on behalf of petitioners supporting said allegations. The respondents contend that these petitions for injunction, as well as the petitions for temporary restraining order against the parties herein named undertook to make additional parties in an equity cause on appeal, as to which none of said parties had had an opportunity to contest the judgment of the trial court or the judgment of this Court which resulted in the injunction of July 28, 1962. Those judgments required the defendants in the original complaint, the administrative officials and the Board of Trustees of the University of Mississippi to admit James H. Meredith as a student and to permit his continued attendance as a student on the same basis as all other students.

The posture of this case at the time these motions for preliminary injunction and the accompanying motions for temporary restraining order were filed, is that this Court had issued its injunction, above referred to, prohibiting the officials of the University and the Trustees of the State Institutions of Higher Learning of the State of Mississippi from interfering with the admission of James H. Meredith and his continuance as a student in the University of Mississippi, and also prohibiting certain of the defendants now before the Court from further prosecuting criminal proceedings against the said Meredith; whereupon, it was alleged in the petition of the United States, the State of Mississippi, through its official state policy, pursuant to actions of its Legislature, and through the actions of its Governor by proclamation, and all of the other respondents, were then engaged in actively frustrating the execution of this Court's injunction against the officials of the University. These proceedings,

therefore, are purely ancillary to the original lawsuit, and this Court has ample power to proceed against any party, including the State of Mississippi, which is shown to be engaged in a wilful, intentional effort to frustrate this Court's injunction.

The motion to dissolve the restraining order and the motion to dismiss the contempt proceedings by the Respondents are, therefore, denied.

■ The ruling just stated equally disposes of the contention made by the respondents that this Court is now powerless to issue the preliminary injunction. We, therefore, hold that the Court has the power to issue this injunction against the persons not previously named as defendants in the main suit to prevent their active interference with this Court's prior injunctions.

■ The evidence adduced before this Court, neither attacked by respondents nor contended by them to be legally insufficient to warrant the granting of the relief sought, establishes the following facts:

The State of Mississippi, Ross R. Barnett, Governor of Mississippi; Joe T. Patterson, Attorney General of Mississippi; T. B. Birdsong, Commissioner of Public Safety of Mississippi; Paul G. Alexander, District Attorney of Hinds County; William R. Lamb, District Attorney of Lafayette County; J. Robert Gilfoy, Sheriff of Hinds County; J. W. Ford, Sheriff of Lafayette County; William D. Rayfield, Chief of Police of the City of Jackson; James D. Jones, Chief of Police of the City of Oxford; Walton Smith, Constable of the City of Oxford, threaten to implement and enforce, unless retrained by order of this Court, the provisions of a Resolution of Interposition adopted by the Mississippi Legislature, the provisions of Section 4065.3 of the Mississippi Code, and a Proclamation of Ross H. Barnett invoking the doctrine of interposition with respect to the enforcement of the orders of this Court in this case; that Paul G. Alexander has instituted two criminal prosecutions against James Howard Meredith on ac-count of the efforts of James Howard Meredith to enroll in the University of Mississippi pursuant to the orders of this Court. On September 28, 1962, James H. Meredith was tried in absentia by the Justice of the Peace of Hinds County, Mississippi, and convicted on the charge by Paul Alexander that Meredith had falsely secured registration as a voter of Hinds County, when he was in fact a resident of Attalla County, and for which he was assessed a penalty of imprisonment for one year and a fine of $300. On September 20, 1962 James Howard Meredith, while seeking to enroll at the University of Mississippi in Oxford, Mississippi, pursuant to the orders of this Court, was served with a writ of injunction issued by the Chancery Court of Lafayette County, Mississippi, at the instance of Ross R. Barnett, enjoining James Howard Meredith from applying to or attending the University of Mississippi, and to which Meredith and his attorneys are required to show cause on the 4th day of November, 1962, why this injunction should not be made permanent. On September 20, 1962, Ross R. Barnett, the Governor of the State of Mississippi secured an injunction in the Chancery Court of Hinds County against Meredith and his attorneys enjoining them from proceeding to secure the registration, admission and continued attendance of Meredith as a student at the University of Mississippi to which Meredith has been ordered to show cause on the fourth Monday in October, 1962, why the injunction should not continue. Likewise on September 20, 1962, an application of Ross R. Barnett, Governor of the State of Mississippi, the Chancery Court of Hinds County issued an injunction against the Board of Trustees of the State Institutions of Higher Learning enjoining it from admitting Meredith to the University of Mississippi. On September 20, 1962, the State of Mississippi enacted Senate Bill 1501, the effect of which is to punish James Howard Meredith should he seek enrollment in the University of Mississippi; that on October 3 and 5, 1962, respectively, the House

and Senate of the Mississippi Legislature adopted House Concurrent Resolution No. 18, calling for the redress of grievances, including the removal of Meredith from the University, removal of all Federal Marshals and troops; that on September 28, 1962, House Bill #2, Laws of Mississippi, 1962, 1st Extraordinary Session, c. 4, was enacted, providing that all acts, words and conduct performed by any state officer in keeping Mississippi Institutions of Higher Learning segregated are adopted as the Acts of the sovereign state of Mississippi and not the acts of such individuals; that the effect of the conduct of the defendants herein named in implementing the policy of the State of Mississippi as proclaimed by Ross R. Barnett will necessarily be to prevent the carrying out of the orders of this Court and of the District Court for the Southern District of Mississippi; and that the acts and conduct of the defendants named in the petition will cause immediate and irreparable injury to the appellant Meredith and to the United States consisting of the impairment of the integrity of its judicial processes, the obstruction of the due administration of justice, and the deprivation of rights under the Constitution and laws of the United States unless prevented by an order of the Court.

It is now therefore ordered that the State of Mississippi, Ross R. Barnett, Joe T. Patterson, T. B. Birdsong, Paul G. Alexander, William R. Lamb, J. Robert Gilfoy, J. W. Ford, William D. Rayfield, James D. Jones, Walton Smith, their agents, employees, officers, successors, and all persons in active concert or participation with them who shall receive actual notice of this injunction by personal service or otherwise, be enjoined until the further order of this Court from:

1. Arresting, attempting to arrest, prosecuting or instituting any prosecution against James Howard Meredith under any statute, ordinance, rule or regulation whatever, on account of his attending, or seeking to attend, the University of Mississippi; without limiting the generality of the foregoing, this shall include:

(a) Proceeding to arrest the appellant pursuant to the conviction of appellant on September 20, 1962, in the case of State of Mississippi v. Meredith, Case No. 15–242, filed May 28, 1962, in the Justice of the Peace Court, Fifth Supervisors District of Hinds County, Mississippi, and from taking any action to enforce the judgment of conviction against the appellant in this case.

(b) Proceeding with the prosecution of appellant in State of Mississippi v. Meredith, Case No. 16–307, filed September 14, 1962, charging appellant with a felony and alleging that he falsely secured his registration as a voter in Hinds County.

(c) Commencing any other prosecutions or taking any action or doing any act to further prosecute the appellant for allegedly securing his registration as a voter in Hinds County.

2. Instituting or proceeding further in any civil action against James Howard Meredith or any other persons on account of James Howard Meredith's enrolling or seeking to enroll or attending the University of Mississippi; without limiting the generality of the foregoing this includes:

(a) Taking any action or doing any act to enforce or serve the injunction order obtained on the 20th day of September, 1962, in the Chancery Court of Hinds County, Mississippi, by the Governor of the State of Mississippi, Ross R. Barnett, against the appellant and his attorneys in the case of State of Mississippi, ex rel. Ross Barnett v. Meredith, Complaint No. 62,000 filed September 20, 1962.

(b) Taking any action or doing any act to enforce or serve the injunction order obtained by the Governor of the State of Mississippi in the Chancery Court of Lafayette County, Mississippi, against the ap-

pellant and his attorneys in the case of State of Mississippi, ex rel. Ross R. Barnett v. Meredith, Complaint No. A–654, filed September 20, 1962.

(c) Taking any action or doing any act to serve or enforce the injunction issued against the appellee Board of Trustees of State Institutions of Higher Learning by the Chancery Court of Hinds County on September 20, 1962, upon the application of Ross R. Barnett, Governor of the State of Mississippi.

(d) Taking any action or doing any act to secure any further or additional state court injunctions against the appellant, his attorneys, the Board of Trustees of State Institutions of Higher Learning, or any official of the University of Mississippi which are designed to or which have the effect of interfering with the continued attendance of appellant as a student at the University of Mississippi.

3. Injuring, harassing, threatening, or intimidating James Howard Meredith in any other way or by any other means on account of his attending or seeking to attend the University of Mississippi;

4. Interfering with or obstructing by any means or in any manner the performance of obligations or the enjoyment of rights under this Court's order of July 28, 1962, and the order of the United States District Court for the Southern District of Mississippi entered September 13, 1962, in this action, and

5. Interfering with or obstructing, by force, threat, arrest or otherwise, any officer or agent of the United States in the performance of duties in connection with the enforcement of, and the prevention of obstruction to, the orders entered by this Court and the District Court for the Southern District of Mississippi relating to the enrollment and attendance of James Howard Meredith at the University of Mississippi; or arresting, prosecuting or punishing such officer or agent on account of his performing or seeking to perform such duty.

GEWIN and GRIFFIN B. BELL, Circuit Judges (concurring in part and dissenting in part).

With all deference to our brothers, and realizing that it involves for each of us a matter of judgment, we would make our injunction the mandate of this court and forward it to the United States District Court for the Southern District of Mississippi, there to be made the judgment of that court, and to be supervised and enforced along with our injunction of July 28, 1962 which was entered by that court on September 13, 1962 pursuant to our mandate. Our appellate jurisdiction would continue but the remand should tend to restore normalcy in Mississippi, and would comport with good judicial administration under the circumstances.

Of course, we should retain the contempt proceedings now pending against Governor Barnett and Lieutenant Governor Johnson for final disposition but such retention in no way militates against remand. The Governor and Lieutenant Governor must yield in order to purge themselves of contempt. They must yield also to preserve the integrity of the judicial process, the Federal Constitution and their oaths of office pursuant thereto:

"* * * and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; * * *" Article 6, Clause 3.

Upon their yielding, the enforcement of all other outstanding orders in this matter would and should be the duty of the District Court.

We have serious doubts, from a procedural and substantive point of view, as to the joinder of the State of Mississippi as a party. We would dissolve the temporary restraining order as to the State of Mississippi and would not include the State of Mississippi in the preliminary injunction. U.S.Const. Art. III, § 2, par. 2 and the 11th Amendment.

We concur in the order of the majority save in this respect.