HURON VALLEY HOSPITAL, INC v DEPARTMENT OF PUBLIC
HEALTH

Docket No. 78-3566. Submitted June 21, 1979, at Detroit.—Decided
September 4, 1979.

Huron Valley Hospital, Inc., brought an action against the Michi-
gan Department of Public Health and its Director, Maurice S.
Reizen, seeking, among other things, to enjoin the department
from issuing any certificate of need for acute care hospital beds
in the area known as Service Area 76. The plaintiff at the time
was attempting to secure a certificate of need for itself for the
construction of a proposed hospital and its initial application
had been denied. The City of Pontiac and the City of Pontiac
Hospital Building Authority had also applied for a certificate of
need for renovation of Pontiac General Hospital. An ex parte
temporary restraining order was issued by the Oakland Circuit
Court. Subsequently, the city and its building authority were
allowed to intervene as defendants, a preliminary injunction
was issued preventing issuance of a certificate to the city
during the pendency of the action, and several counts of
plaintiff's complaint were dismissed. Subsequently, a motion
was filed by all of the defendants for accelerated judgment as to
the claim for injunctive relief or, alternatively, for the dissolu-
tion of the temporary injunction. The circuit court, Francis X.
O'Brien, J., ordered the temporary injunction dissolved. Plain-
tiff appeals, alleging that the city and its building authority did
not have standing to bring the motion to dissolve the tempo-
rary injunction, and that the dissolution of the injunction was
an abuse of the trial judge's discretion. *Held:*

1. It is immaterial whether or not the city had standing to
bring the motion. The motion was also brought by the Depart-
ment of Public Health and its director, who, because the
temporary injunction affected them, did have standing. The
motion was properly before the court.

2. Dissolution of a temporary injunction is discretionary with
the trial court. The court did not abuse that discretion where

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Motions, Rules, and Orders § 7.
[2, 3] 42 Am Jur 2d, Injunctions §§ 346, 352-354.

there was a showing that the injunction was causing the city serious problems in the operation of Pontiac General Hospital and that continuance of the injunction was not absolutely necessary to protect the plaintiff from irreparable harm. Additionally, even though the dissolution of the temporary injunction effectively disposed of the first count of plaintiff's complaint, the motion to dissolve should not be treated as though it was a motion for summary judgment and reviewed accordingly on appeal.

Affirmed.

1. MOTIONS — PARTIES — STANDING.

A motion made by two parties is properly before the court where one of those parties has standing to bring the motion, even though the other party does not have such standing.

2. INJUNCTION — JUDGE'S DISCRETION — APPEAL AND ERROR — ABUSE OF DISCRETION.

The granting or dissolving of an interlocutory injunction is discretionary with a trial court, and on appeal a trial court's decision to grant or dissolve such an injunction will not be interfered with absent a palpable abuse of that discretion.

3. MOTIONS — APPEAL AND ERROR — INJUNCTION — SUMMARY JUDGMENT.

A defendant's motion for dissolution of a preliminary injunction should not be treated as a motion for summary judgment and reviewed accordingly on appeal even where dissolution of the injunction effectively disposes of one count of the plaintiff's complaint.

*Schlussel, Lifton, Simon, Rands, Kaufman, Lesinski & Jackier* (by *T. John Lesinski* and *James C. Foresman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter V. Kron* and *William J. Perrone,* Assistants Attorney General, for the Michigan Department of Public Health and Maurice S. Reizen.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *Larry J. Saylor),* for the City of Pontiac

and the City of Pontiac Hospital Building Authority.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

PER CURIAM. Plaintiff appeals as of right an August 25, 1978, circuit court order dissolving a preliminary injunction.

On February 1, 1978, the trial court issued an *ex parte* temporary restraining order enjoining the Michigan Department of Public Health (hereinafter Department) from granting any application for a certificate of need[1] for acute care hospital beds to be located in Service Area 76, and an order to show cause why a preliminary injunction *pendente lite* should not issue.

On March 22, 1978, the trial court entered an order which, among other things, granted the City of Pontiac and the City of Pontiac Hospital Building Authority (hereinafter Pontiac) leave to intervene as defendants, granted plaintiff a preliminary injunction enjoining the Department from issuing a certificate of need for acute care hospital beds to Pontiac during the pendency of this lawsuit, and dismissed without prejudice Counts II-V of the complaint on the ground that plaintiff had failed to exhaust its administrative remedies as to the claims set forth therein.

On April 26, 1978, Pontiac filed a motion to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The parties are concerned here with MCL 331.451 *et seq.;* MSA 14.1179(51) *et seq.,* which requires a certificate of need for the construction, conversion, addition to or modernization of health facilities. In evaluating an application for a certificate of need, the appropriate commission takes into account, among other things, the region's pattern and level of utilization of existing health services, possible economies and improvement in existing facilities, the availability of manpower, and financing. MCL 331.455a; MSA 14.1179(55a).

dissolve the preliminary injunction alleging that its continuance would result in irreparable harm to Pontiac and the public, and more specifically that if the Department was not permitted to issue a certificate of need allowing Pontiac to proceed expeditiously with its plan to renovate Pontiac General Hospital, the hospital would be forced to close. On May 17, 1978, the trial court denied the motion "for the reason that no material change in circumstances has been demonstrated to have occurred justifying dissolution of the regularly entered Preliminary Injunction of March 22, 1978 *as of this time.*" (Emphasis added.) Pontiac appealed but this Court, in an order dated June 5, 1978, docket no. 78-1843, and the Supreme Court denied leave, 403 Mich 825 (1978).

On August 4, 1978, Pontiac and the Department jointly filed a motion for accelerated judgment as to plaintiff's claim for injunctive relief and an alternative motion to dissolve the preliminary injunction. The motion was supported by several affidavits. On August 25, 1978, the date of the hearing, the trial court denied the motion for accelerated judgment, but granted the motion to dissolve the preliminary injunction because "there *now* is presented irreparable and immediate harm to the defendant, Pontiac General Hospital". (Emphasis added.) The order granting defendants' motion to dissolve the preliminary injunction explained that the motion was granted because "immediate and irreparable harm shall be suffered by the defendant [Pontiac]" if the motion were to be denied. Plaintiff now appeals from the order dissolving the preliminary injunction.

Plaintiff initially claims that since the preliminary injunction did not restrain Pontiac from doing any act, Pontiac did not have standing to

move for the dissolution of the preliminary injunction. While the issue is intriguing from an academic viewpoint, we do not have to address it.[2] The Department, which plainly had standing to move for dissolution of the preliminary injunction, joined Pontiac in making the motion. Therefore, even if Pontiac did not have standing, the motion was properly before the trial court.

Plaintiff also argues that the trial court abused its discretion in dissolving the preliminary injunction. We disagree.

As *Furniture Manufacturers Ass'n of Grand Rapids v Grand Rapids Guild of Exhibitors,* 268 Mich 685, 689; 256 NW 595 (1934), noted:

" *'Granting or dissolving* an interlocutory injunction is discretionary with the trial court; and this court will rarely interfere with the exercise of such discretionary power and then only upon a showing of a palpable abuse thereof.' *Flemming v Heffner & Flemming,* 263 Mich 561 [248 NW 900 (1933)], citing *Freeman v Mitchell,* 198 Mich 207 [164 NW 445 (1917)].

"Mr. Justice STONE defined 'abuse of discretion' in *Cooper v Carr,* 161 Mich 405, 412 [126 NW 468 (1910)], saying:

" 'To warrant such interference (on our part), the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say there was no justification or excuse for the ruling made.' " (Emphasis added.)

A review of the affidavits filed by defendants in support of their second motion to dissolve the preliminary injunction establishes that the preliminary injunction was causing Pontiac myriad and serious financing, construction and licensure prob-

[2] Note, however, the provisions of GCR 1963, 201.2, which provides in part "Every action shall be prosecuted in the name of the real party in interest".

lems which jeopardized the continuing provision of medical services to the community. Plaintiff filed no counter affidavits with the trial court.

Further, the ultimate relief plaintiff seeks is the issuance of its own certificate of need permitting construction of its proposed hospital. The issuance of a certificate of need to Pontiac would not necessarily preclude the Department from granting plaintiff's application for a certificate of need. And, if plaintiff is unsatisfied with the Department's treatment of its application, it can pursue administrative and judicial review concerning that treatment. Thus, the continuance of the preliminary injunction was not absolutely necessary to protect plaintiff from irreparable harm.

Finally, plaintiff argues that dissolution of the preliminary injunction amounted to summary judgment and should be reviewed accordingly. We disagree. Although the dissolution of the preliminary injunction and the subsequent issuance of a certificate of need to Pontiac effectively disposed of Count I of plaintiff's complaint, we have found no authority holding that defendants' motion to dissolve the injunction should be treated as a motion for summary judgment. Additionally, plaintiff still can seek its own certificate of need if it so desires.

For the foregoing reasons, we cannot say that the trial judge abused his discretion in dissolving the preliminary injunction.

Affirmed. No costs, a public question being involved.