597 So.2d 808 (1992)
BLUE DOLPHIN FIBERGLASS POOLS OF FLORIDA, INC., and Charles Kasper, Appellants,
v.
SWIM INDUSTRIES CORPORATION, Appellee.
No. 91-01729.
District Court of Appeal of Florida, Second District.
January 22, 1992.
Rehearing Denied February 20, 1992.
Charles A. Buford and Dennis R. Pemberton of MacPherson, Harper, Kynes, Geller, Watson & Buford, P.A., Clearwater, for appellants.
Jawdet I. Rubaii of Jawdet I. Rubaii, P.A., Clearwater, for appellee.
DANAHY, Judge.
This appeal arises from an action brought by the appellee as plaintiff against Arnold Morris, Gail Morris, and John Perez. During the pendency of the action, the defendant Morris formed the appellant Blue Dolphin Fiberglass Pools of Florida, Inc. (Blue Dolphin), with Charles Kasper (Kasper). Morris owned fifty percent of the stock of Blue Dolphin and Kasper owned the other fifty percent. On April 23, 1991, the appellee obtained a judgment against all defendants in the amount of $1,779,560. On the previous day, April 22, 1991, Kasper purchased from Morris the other fifty percent stock ownership in Blue Dolphin.
At the request of the appellee, the trial court entered an order on May 3, 1991, in which, among other things, it enjoined Blue Dolphin from transferring or disposing of *809 any of its assets other than in the normal course of business and declared that any transfer by the defendants Morris of stock in Blue Dolphin "after jury verdict is void." Later Blue Dolphin filed a motion to dissolve the injunction against it and that motion was denied. The appellants seek review of the May 3, 1991, order and the order denying Blue Dolphin's motion to dissolve.
The appellants' positions on this appeal are simple. Blue Dolphin argues that since the trial court did not have personal jurisdiction of it when the injunction order of May 3, 1991, was entered, the trial court had no power to enjoin Blue Dolphin from any act. That position is correct. Riddick v. Suncoast Beauty College, Inc., 570 So.2d 1064 (Fla. 2d DCA 1990). Kasper asserts that the trial court was without jurisdiction to declare a prior stock transfer void when the trial court did not have personal jurisdiction of Kasper, the transferee. That position also is correct. A person whose rights and interests are to be affected by a decree and whose actions with reference to the subject matter of litigation are to be controlled by a decree is a necessary party to the action and the trial court cannot proceed without that person. See Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242 (1932); Troublefield v. Troublefield, 60 Fla. 387, 53 So. 518 (1910).
Accordingly, we reverse the trial court's order of May 3, 1991, to the extent that it enjoins Blue Dolphin from disposing of assets and to the extent that it declares void a prior transfer of stock from the defendants Morris to the appellant Kasper.
SCHOONOVER, C.J., and LEHAN, J., concur.