616 So.2d 1047 (1993)
LONGSHORE LAKES JOINT VENTURE, a Florida general partnership; Longshore Lake Foundation, Inc., a Florida not-for-profit corporation; Robert S. Hardy; Sandra Heese; Robert Johnson; and Naples Properties, Inc., a Florida Corporation, Appellants,
v.
Dennis D. MUNDY, Appellee.
No. 92-03363.
District Court of Appeal of Florida, Second District.
March 19, 1993.
Rehearing Denied April 19, 1993.
Louis D. D'Agostino of Quarles & Brady, Naples, for appellants.
Frederick R. Hardt of Hardt & Stewart, Naples, for appellee.
BLUE, Judge.
The appellants argue the court erred in granting a temporary injunction and setting a nominal injunction bond. The record reveals competent substantial evidence was offered to support the order granting temporary injunction. However, the trial court did err in setting an injunction bond without providing the parties an opportunity to present evidence of the bond amount. Although we affirm the order granting the temporary injunction, we reverse and remand for an evidentiary hearing to determine the amount of the bond.
The purpose of an injunction bond is to provide sufficient funds to cover the adverse party's costs and damages if the injunction is wrongfully issued. We recognize the court may consider factors other than anticipated costs and damages in setting a bond, including the adverse party's chances of overturning the temporary injunction. Cushman & Wakefield Inc. v. Cozart, 561 So.2d 368, 370 (Fla.2d DCA 1990). However, damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond. Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018, 1021 (Fla. 1989). In view of the holding in Parker, we conclude the court must provide both *1048 parties the opportunity to present evidence as to the amount of an appropriate bond.
Affirm in part; reverse in part and remand.
HALL, A.C.J., and PARKER, J., concur.