PER CURIAM.
Although there is much in the lower court’s eight page “Temporary Restraining *1040 Order” with which we cannot agree, we do agree that the “confirmed irrevocable letter of credit” and the related letter of November 19, 1991, will require some construction and, for that reason, the lower court did not err in preventing the appellant from drawing on the letter of credit pending trial. The lower court did, however, err in failing to require appellee to post a bond, as required by Florida Rule of Civil Procedure 1.610(b), to indemnify appellant in the event appellant ultimately prevails. See e.g. Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047 (Fla. 2d DCA 1993). The letter of credit is not itself adequate for this purpose. On remand, appellee shall be required to post adequate bond.
AFFIRMED in part; REVERSED in part; REMANDED.
GOSHORN, C.J., and GRIFFIN, J., concur.
DAUKSCH, J., dissents with opinion.