647 So.2d 976 (1994)
Joseph R. RICHARD, Appellant,
v.
BEHAVIORAL HEALTHCARE OPTIONS, INC., a Florida corporation, Appellee.
No. 94-01143.
District Court of Appeal of Florida, Second District.
December 14, 1994.
*977 David A. Townsend of Townsend & Brannon, Tampa, for appellant.
Paul B. Catania of Catania & Catania, Tampa, for appellee.
QUINCE, Judge.
Dr. Joseph R. Richard (Richard) appeals the granting of a temporary injunction enjoining him from collecting fees directly from patients. We affirm the granting of the temporary injunction but remand to the trial judge for further proceedings to determine *978 the amount of the bond and for entry of a proper order.
Behavioral Healthcare Options, Inc. (BHO) is an organization that consists of various health care providers who contract to render services through it to patients. Richard is a psychologist who had a contractual employment relationship with BHO.
Richard's contractual salary was seventy percent of the receivables collected by BHO for the services he rendered. Richard's contract stated that all patients treated by Richard were patients of BHO. Additionally, the contract stated all fees paid by or on behalf of the patients were the property of BHO. Richard's salary was paid by BHO.
In late 1992 Richard complained to BHO that its collection for his services had been less than fifty percent. When this situation remained unchanged several months later, Richard and BHO terminated their relationship.
After his termination, Richard retained a billing service to investigate some of his outstanding accounts with BHO. He also began to collect monies directly from BHO's patients. He maintained thirty percent of these collected monies (retaining seventy percent as his salary) in an escrow account. Richard did not attempt to contact BHO to inform it of his collection activities.
BHO sued for breach of an employment contract and conversion. BHO sought a temporary injunction to enjoin Richard from collecting any more monies directly from BHO's patients. At the conclusion of an evidentiary hearing on the temporary injunction, the court granted the injunction and set a bond of $100.00.
A temporary injunction must be based upon: 1) the likelihood of irreparable harm; 2) the unavailability of an adequate remedy at law; 3) substantial likelihood of success on the merits; and 4) considerations of the public interest. Thompson v. Planning Commission of City of Jacksonville, 464 So.2d 1231 (Fla. 1st DCA 1985). The trial court has wide discretion to grant or deny a temporary injunction, and the appellate court will not intercede unless the grieving party clearly shows an abuse of discretion. T.J.R. Holding Co. Inc. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA 1993).
The record of the evidentiary hearing indicates BHO made an adequate showing for relief using the Thompson standard. BHO argued that irreparable injury would occur if Richard, and other physicians if they knew that BHO permitted Richard to proceed, continued to collect receivables. BHO contended the irreparable injury would be the destruction of its business. Even though BHO did not make an extremely strong case regarding why there is no adequate remedy at law, the record is sufficient to sustain the trial court's decision.
Although the record supports the trial court's holding, the order is flawed. Every injunction shall specify the reasons for entry. Fla.R.Civ.P. 1.610(c). Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a temporary injunction. City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), rev. granted, 645 So.2d 453 (Fla. 1994). The order under review fails to list any factual findings consistent with rule 1.610(c) and Naegele. Therefore, we must remand the case to the trial court with instructions to delineate factual findings to support each of the four conclusions necessary to grant the temporary injunction.
The court assessed a bond of $100.00 against BHO. This amount is wholly inadequate in light of the amounts in controversy and the potential fees at issue. The purpose of an injunction bond is to provide sufficient funds to cover the adverse party's costs and damages if the injunction is wrongfully issued. Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047, 1048 (Fla. 2d DCA 1993). Since damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond, the court must provide both parties the opportunity to present evidence as to the amount of an appropriate bond. Id.
The court erred in setting the bond without giving the parties an opportunity to present evidence on this issue. There were *979 allegations that over $60,000.00 was owed Richard by BHO. Furthermore, attorney's fees and costs could exceed $100.00 if Richard prevails. The court listened to one extremely brief statement by each of the parties before reaching its bond determination. Even counsels' brief statements support Richard's argument that the bond amount was erroneous. We remand to the trial court to hold an evidentiary hearing on the bond amount.
We affirm the court's granting of the temporary injunction. We reverse the court's determination of a $100.00 bond and remand with instructions to hold an evidentiary hearing on the bond amount. We also remand for entry of a proper order delineating the factual findings to support the temporary injunction.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.