689 So.2d 373 (1997)
MEMORIAL HEALTH SYSTEMS, INC. d/b/a Memorial Hospital-Flagler, Appellant,
v.
HALIFAX HOSPICE, INC. d/b/a Hospice of Volusia/Flagler and Agency for Health Care Administration, State of Florida; and Tanya Williams in her official capacity as Chief of Health Facility Regulation, Agency for Health Care Administration, Appellees.
No. 96-2561.
District Court of Appeal of Florida, First District.
February 26, 1997.
Rehearing Denied April 2, 1997.
*374 James C. Hauser of Skelding, Labasky, Corry, Eastman, Hauser & Jolly, Tallahassee, for Appellant.
Robert A. Weiss and Karen A. Putnal of Parker, Hudson, Rainer & Dobbs, Tallahassee, for Appellee Halifax Hospice, Inc.
BENTON, Judge.
Memorial Health Systems, Inc. (MHS) appeals an order striking its motion to dissolve temporary injunction. MHS's appeal falls within our jurisdiction to hear appeals from non-final orders that "refuse to modify or dissolve injunctions." Fla.R.App.P. 9.130(a)(3)(B). Although other important questions loom in the backgroundnotably questions concerning exhaustion of administrative remedieswe decide only the narrow question whether a license applicant has standing to move to dissolve an injunction addressed to a licensing agency, where the injunction forbids the agency to issue the applicant a license. We reverse the order granting the motion to strike MHS's motion to dissolve temporary injunction.
Florida's Agency for Health Care Administration (AHCA) licenses providers of hospice services: medical care and support for "terminally ill individuals and their families." § 400.6005, Fla. Stat. (1995). "It is unlawful to operate or maintain a hospice without first obtaining a license from the agency." § 400.602(1)(a), Fla. Stat. (1995).
In its review of MHS's application for a license to provide hospice services in Volusia County, AHCA concluded that MHS was a rural hospital within the meaning of section 395.602, Florida Statutes (1995). On that basis, AHCA determined that MHS was exempt from certificate of need review as a precondition to licensure. § 408.036(3)(h), Fla. Stat. (1995).
Some five months after AHCA had informed MHS in writing of this determination, Halifax Hospice Inc. (Halifax) filed suit in circuit court against AHCA, alleging that MHS was not eligible for licensure unless MHS first obtained a certificate of need. Halifax views MHS as a potential competitor. Without naming MHS as a party (or otherwise providing MHS with notice), Halifax obtained a temporary injunction preventing AHCA from issuing the hospice license MHS seeks.
Once apprised of this judicial incursion into the administrative process, MHS filed a petition to intervene in the circuit court proceedings and a motion to dissolve temporary injunction. Halifax did not object to intervention, but filed a motion to strike MHS's motion to dissolve temporary injunction. Halifax argued that MHS could not file a *375 motion to dissolve the temporary injunction because Halifax had not named MHS as a party defendant. While allowing MHS to intervene, the trial court granted Halifax's motion to strike MHS's motion to dissolve, on the ground that MHS lacked standing to file such a motion. MHS has appealed this ruling.[1]
We confront a question not unlike the certificate of need question the court found unnecessary to reach in Huron Valley Hospital, Inc. v. Michigan Department of Public Health, 92 Mich.App. 175, 284 N.W.2d 758, 760 (1979):
Plaintiff initially claims that since the preliminary injunction did not restrain Pontiac [a hospital seeking a certificate of need] from doing any act, Pontiac did not have standing to move for the dissolution of the preliminary injunction. While the issue is intriguing from an academic viewpoint, we do not have to address it. The Department, which plainly had standing to move for dissolution of the preliminary injunction, joined Pontiac in making the motion.
(Footnote omitted.) As far as can be told from the record, AHCA did not join MHS's motion to dissolve temporary injunction, although the order under review recites that "oral argument" of counsel for AHCA was considered when the motion was heard.
The injunction acts as a restraint on MHS, since MHS is unable to open a hospice in Volusia County without a license. An injunction "not only binds the parties defendant but also those identified with them in interest, in privity with them, represented by them or subject to their control." Dad's Properties, Inc. v. Lucas, 545 So.2d 926, 929 (Fla. 2d DCA 1989). See generally Channell v. Applied Research, Inc., 472 So.2d 1260, 1263 (Fla. 4th DCA 1985); Temporarily Yours-Temporary Help Services, Inc. v. Manpower, Inc., 377 So.2d 825, 827 (Fla. 1st DCA 1979); West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958). See also State ex rel. West Flagler Amusement Co. v. Rose, 122 Fla. 227, 233-34, 165 So. 60, 63 (Fla.1935).
"A party against whom a temporary injunction has been granted may move to dissolve ... it at any time." Fla. R. Civ. P. 1.610(d). "A defendant may move to dissolve an injunction if it injuriously affects his interests, although the order is not issued against him." Hall v. Orlikowski Constr. Co., 24 Ill.App.3d 60, 321 N.E.2d 23, 25 (1974). Nor does the reach of an injunction turn on the hypertechnicalities[2] of party status. See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1395 (Fed.Cir.1996)("[T]he prohibition against entering an injunction against non-parties does not mean that non-parties may not be held in contempt of court for violating injunctions directed at others."); Meredith v. Fair, 328 F.2d 586 (5th Cir.1962); Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2d Cir.1930).
[A]ny court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it. Transgo, Inc. v. Ajac Transmission Parts Corp., supra, 768 F.2d [1001] at 103 [(9th Cir. 1985)]; Winterland Concessions Co. v. Trela, 735 F.2d 257, 260 (7th Cir.1984).
Hendrix v. Page, 986 F.2d 195, 198 (7th Cir.1993). Not every injunction adversely affects persons not originally named as parties. But some injunctions do have such effects. Parties moving for dissolution are presumed to be adversely affected. Fla. R. Civ. P. 1.610(d). An adversely affected non-party or intervenor seeking dissolution must be prepared to demonstrate that the injunction *376 it seeks to dissolve causes direct, immediate, and substantial injury. On uncontroverted facts, MHS has done that here. While nominally running against AHCA only, the injunction MHS seeks to dissolve has MHS as an unmistakable target.
Reversed and remanded with directions to consider MHS's motion to dissolve temporary injunction.
BARFIELD, C.J., and ERVIN, J., concur.
NOTES
[1] MHS appealed the order granting the temporary injunction before separately appealing the order granting the motion to strike. After the two appeals were consolidated, the first appeal was dismissed.
[2] By its order permitting intervention and striking motion to dissolve temporary injunction entered June 28, 1996, the circuit court permitted MHS to intervene, but subordinated MHS's rights to those of the original parties, and expressly declined to confer full party status on MHS as a defendant.

Because of our resolution of the issue of MHS's standing, we need not on this interlocutory appeal reach the question whether, as MHS contends, it was a necessary or indispensable party to the proceedings below. See generally Blue Dolphin Fiberglass Pools of Fla., Inc. v. Swim Indus. Corp., 597 So.2d 808 (Fla. 2d DCA 1992).