STRINGER, Judge.
Appellants, MetalMax Cutting Tools, Inc. (“MetalMax”) and Lexington Cutter, Inc. (“Lexington”), challenge a temporary injunction entered against them. We affirm the granting of the temporary injunction. We, however, find that the trial court erred in setting the injunction bond without providing the parties an opportunity to present evidence on the bond amount.
This case arose from a complaint filed by Mil-Tec USA, Inc., (“Mil-Tec”) which alleged that Peter Browning, a former employee of Mil-Tec, unlawfully used its trade secret in conjunction with his current employment with MetalMax and Lexington in violation of the Florida Uniform Trade Secrets Act, sections 688.001-688.009, Florida Statutes (1999). Mil-Tee manufactures indexable shell mill cutting tools which are sold throughout the United States. Through years of research and development, Mil-Tec developed a unique indexable shell mill cutting tool which could use round, square, or octagon inserts. Mil-Tec alleged that Browning used his knowledge of the design and manufacturing process of Mil-Tec’s cutter to assist Lexington and MetalMax in the production of their own similar indexable shell mill cutting tool.
The trial court entered a temporary injunction enjoining appellants from undertaking or continuing various activities related to Mil-Tec’s trade secret. The temporary injunction set the bond amount at $75,000. Although we affirm the granting of the temporary injunction, we reverse and remand for an evidentia-ry hearing to determine the amount of the bond.
“The purpose of an injunction bond is to provide sufficient funds to cover the adverse party’s costs and damages if the injunction is wrongfully issued.” Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047, 1047 (Fla. 2d DCA 1998). “Since damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond, the court must provide both parties the opportunity to present evidence as to the amount of an appropriate bond.” Richard v. Behavioral *611 Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994).
Appellants requested an evidentia-ry hearing in order to present evidence on the issue of the bond amount. The trial court denied their request and expressed its belief that it had obtained enough evidence on the issue of the bond. From our reading of the record, it appears that the only evidence related to the bond issue presented during the proceedings was the testimony from Lexington’s president regarding the setup costs incurred in the development of Lexington’s cutting tool. However, there was no evidence presented concerning the lost profits or attorney’s fees that appellants would incur if the temporary injunction were later overturned.
Prior to the trial court entering the temporary injunction, appellants submitted a memorandum of law on the issue of bond requirements again requesting an eviden-tiary hearing on the bond amount and suggesting that a $4-$6 million dollar amount would be reasonable. Appellants later filed a joint affidavit which calculated the expenses and lost profits anticipated in defending against the injunction to be $715,249.11 for one year. Mil-Tec submitted a letter to the court in which it suggested the bond amount should be set between $50,000-$100,000. However, Mil-Tec gave no estimate of the lost profits or attorney’s fees it believed appellants would suffer if the temporary injunction were later overturned.
The uncontradicted evidence presented by appellants in their affidavit showed that their potential damages in lost profits and attorney’s fees were substantially greater than the $75,000 bond amount set by the trial court. Given the limited nature of the evidence the trial court considered in setting the bond amount, we find that the trial court abused its discretion in not conducting an eviden-tiary hearing on this issue. We express no opinion as to what amount would be appropriate in this case and recognize that a trial court may consider factors other than anticipated costs and damages in setting a bond, including the adverse party’s likelihood of overturning the temporary injunction. See Longshore Lakes Joint Venture, 616 So.2d at 1047. We, however, believe that the limited evidence the trial court considered in this case was not sufficient to support the imposed bond amount.
We remand for an evidentiary hearing on the bond amount.
Affirmed in part, reversed in part, and remanded with instructions.
THREADGILL, A.C.J., and CASANUEVA, J„ Concur.