WHATLEY, Judge.
James W. Tobin appeals an order granting a temporary injunction, which enjoined the North Naples Fire Control and Rescue District (the District) from paying Tobin $300,000 in severance compensation. Janet H. Vasey filed a complaint, as a taxpayer, against Tobin and the District and then applied for the injunction, contending that the payment of $300,000 in public funds was an unconstitutional exercise of the Distriet’s authority and that it was in excess of the severance pay provisions of Tobin’s employment agreement. The District did not oppose the injunction.[1] We must reverse because the circuit court’s order fails to make the necessary findings supporting injunctive relief.
The following findings are necessary to support injunctive relief: “1) the likelihood of irreparable harm; 2) the unavailability of an adequate remedy at law; 3) substantial likelihood of success on the merits; and 4) considerations of the public interest.” Snibbe v. Napoleonic Soc’y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996) (quoting Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994)). An injunction must specify the reasons for its entry and the findings supporting the four elements must be clear, definite, and unequivocal. Id. In the present case, the injunction makes no findings regarding the above four elements.
Vasey argues that the injunction should be affirmed because the District did not oppose the entry of the injunction and the injunction was not entered against To-bin. We disagree. “A person whose rights and interests are to be affected by a decree and whose actions with reference to the subject matter of litigation are to be controlled by a decree is a necessary party to the action and the trial court cannot proceed without that person.” Blue Dolphin Fiberglass Pools of Fla., Inc. v. Swim Indus. Corp., 597 So.2d 808, 809 (Fla. 2d DCA 1992).
In Memorial Health Systems, Inc. v. Halifax Hospice, Inc., 689 So.2d 373 (Fla. 1st DCA 1997), Halifax Hospice filed an action against Florida’s Agency for Health Care Administration (the Agency), alleging *378 that Memorial was not eligible for licen-sure unless a certain condition was met. Without naming Memorial as a party, Halifax obtained a temporary injunction preventing the Agency from issuing Memorial a license. Thereafter, Halifax argued that Memorial could not file a motion to dissolve the temporary injunction, because it was not named as a party defendant.
The First District noted that an injunction binds a named defendant and also those identified with him in interest and in privity with him. Id. at 375. In concluding that Memorial had standing to file a motion to dissolve the temporary injunction, the court held that a party may move to dissolve an injunction if the injunction injuriously affects his interests, even though the order is not issued against him. Id.
In the instant case, Tobin was a named defendant in the suit. Further, the injunction clearly affects Tobin’s interests, and he was therefore a necessary party to the action. Because Tobin objected to the entry of the injunction, the circuit court was required to make the required findings supporting injunctive relief, and it erred in failing to do so. Accordingly, we reverse the order granting a temporary injunction and remand for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and SILBERMAN, JJ., Concur.

. The District filed a notice of nonparticipation in this appeal.