IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LOUIS WELTMAN and
PHOENIX REALTY
PARTNERS, INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellants,

CASE NO. 1D14-614

v.

STEPHEN RIGGS and
HERITAGE FFR, LLC, and
DOUGLAS TURNER,

CORRECTED PAGES: pg 1
CORRECTION IS UNDERLINED IN RED
MAILED: July 8, 2014
BY: THA

      Appellees.

_____/

Opinion filed July 7, 2014.

An appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

Jack E. Kiker, III and Brian C. Bohm of Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A., Tallahassee, for Appellants.

Susan L. Kelsey of Kelsey Appellate Law Firm, P.A., Tallahassee, for Appellees Stephen C. Riggs and Heritage FFR, LLC.

PER CURIAM.

      Appellants appeal an order granting in part Appellees' emergency motion for temporary injunction. Appellants argue that reversal is warranted on two general grounds: 1) insufficient notice; and 2) the order did not contain the

necessary factual findings addressing each of the four factors necessary for issuing a temporary injunction. We affirm the first argument without further comment. For the reasons explained below, we reverse as to the second issue.

Appellees filed a three count complaint, one count of which sought an injunction ordering Appellants to recognize Appellee Riggs' attempt to exercise a stock option which would result in him becoming the majority shareholder. This complaint was followed by the emergency motion at issue. The gravamen of this motion was that Appellants planned to hold a shareholder meeting to ratify certain actions that Appellees contend were contrary to an agreement between Riggs and Appellants as well as detrimental to Appellees and the property owners in the golf course development that is at the center of this controversy. Riggs requested that the court enjoin Appellants from holding this meeting or doing other actions that, he contended, would result in irreparable harm to his rights as well as the development's property owners. Riggs also requested that the court issue the aforementioned order concerning the stock option. Riggs asserted that, once his purported right to exercise the option was recognized, he would be able to prevent the ratification and prevent this alleged irreparable harm.

The court, *sua sponte*, scheduled an expedited hearing on the matter. Recognizing the brevity of the notice of the hearing to Appellants, but also concerned that there would be irreparable harm if the allegations in the complaint

and motion were true, the court issued the subject injunction. In essence, the court ordered that the status quo be maintained pending an evidentiary hearing on the merits to take place within 20 days. The court denied Riggs' request to order recognition of his attempt to exercise the stock option, stating that that issue was in fact the crux of the entire matter.

"A temporary injunction may be granted only if the movant establishes (1) a likelihood of irreparable harm; (2) unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction." Masters Freight, Inc. v. Servco, Inc., 915 So. 2d 666 (Fla. 2d DCA 2005).

"Every injunction shall specify the reasons for entry. Fla.R.Civ.P. 1.610(c). Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a temporary injunction." Richard v. Behavioral Healthcare Options, Inc., 647 So. 2d 976, 978 (Fla. 1994). The court in Richard held that, even if the record supports the trial court's order, if the order is flawed because it fails to list any factual findings consistent with this rule, it must be remanded "to the trial court with instructions to delineate factual findings to support each of the four conclusions necessary to grant the temporary injunction." Id.

Here, although the court made sufficient findings on the irreparable harm factor, its order failed to address the remaining three factors. Although we are sympathetic to the court's effort to both prevent potential irreparable harm and afford a prompt evidentiary hearing to address the matters more fully, the holding in <u>Richard,</u> as well as precedent from this court, requires us to reverse and remand for the trial court to address this flaw in its order.[1] <u>See</u>, <u>e.g.</u>, <u>Tom v. Russ</u>, 752 So. 2d 1250, 1251 (Fla. 1st DCA 2000) (holding: "The order on appeal fails to address likelihood of success on the merits or considerations of public interest. The order also fails to require a bond. Accordingly, we remand with instructions to the trial court to either enter an order that satisfies all requirements for entry of a temporary injunction or if appropriate, an order denying the injunction.").

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

THOMAS, ROWE, and MAKAR, JJ., CONCUR.

---

[1] We note that this court has held that, although "a defendant against whom a temporary injunction is entered without notice may seek immediate appellate review, clearly the preferred practice is for the defendant to present the alleged deficiencies to the trial court via a motion to dissolve pursuant to Rule 1.610(d)." <u>Hathcock v. Hathcock</u>, 533 So. 2d 802, 804 (Fla. 1st DCA 1988). Despite this, Appellants opted (after delaying the evidentiary hearing they had requested) to appeal rather than file such a motion and afford the court the opportunity to correct the order's deficiencies which, we note, would have been a more expeditious process for all concerned.