PER CURIAM.
The State of Florida appeals a tempor rary injunction against- enforcement of a 24-hour waiting period added to Florida’s abortion statute in 2015. § 390.0111(3)(a), Fla. Stat. (2015). Because we find the trial court’s injunction order deficient both factually and legally, we reverse. •
Florida law clearly defines preliminary injunctive relief as “ ‘an extraordinary remedy which should be granted sparingly.’ ” City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994) (quoting Thompson v. Planning Comm’n, 464 So.2d 1231, 1236 (Fla. 1st DCA 1985)). The party moving for a temporary injunction must make a showing sufficient to satisfy each of four prerequisites: likelihood of irreparable harm, lack of adequate legal remedy, substantial likelihood of success on the merits, and that the public interest supports the injunction. Weltman v. Biggs, 141 So.3d 729, 730 (Fla. 1st DCA 2014) (holding order lacking specific factual findings on each element was legally insufficient to enjoin a shareholder meeting). A court entering a temporary injunction must set forth in its order “ ‘clear, definite, and unequivocally sufficient factual findings’ ” to support each of these four elements. Weltman, 141 So.3d at 730 (quoting Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994)); see Fla. R. Civ. P. 1.610(c) (requiring every injunction to specify the reasons for entry). Courts entering injunctions must “do more than parrot each tine of the four-prong test. Facts must be found.” City of Jacksonville, 634 So.2d at 754.
In the abortion context as in any other, injunctive relief requires competent, substantial evidence to support the necessary findings of fact. See N. Fla. Women’s Health & Counseling Sens., Inc. v. State, 866 So.2d 612, 615-16, 626-27, 630 (Fla.2003) (noting repeatedly and with approval that the trial court conducted a two- and-one-half-day evidentiary "hearing and made detailed factual findings supported by extensive legally sufficient evidence to support temporary injunction, followed by five-day bench trial for permanent injunction). Here, in contrast, the trial court conducted a one-hour hearing and then rendered the order under review, in which the court noted repeatedly 'the lack of evidence before it. The trial court recited in the order that it had no evidence on the lack of burden on the right of privacy, no witnesses at the hearing, and insufficient sworn affidavits or verified statements" or declarations. The limited declarations that Appellees filed, in addition to failing to meet all evidentiary requirements of Florida law, consisted of conclusory statements lacking evidentiary support, and thus were legally insufficient to justify this injunctive relief.
The trial court failed to set forth clear, definite, and unequivocally sufficient factual findings supporting the three disputed elements of an injunction (after the State essentially conceded inadequacy of any legal remedy). Indeed, the trial court here could not set forth the requisite evidence-supported factual findings because it had no legally sufficient evidentiary basis to do so. Without such clear and sufficient factual findings, supported by record evidence, the order is defective and meaningful review is not possible...
In addition to lacking, competent, substantial evidence and factual findings on *282 each element of injunctive relief, the trial court had before it no legislative history or statements of legislative or voter intent as to either the 2015 statutory amendments or even the privacy amendment itself. See Williams, v. Smith, 360 So.2d 417, 419 (Fla.1978) (“In construing the Constitution, we first seek to ascertain the intent of the framers and voters, and to interpret the provision before us in the way that will best fulfill that intent.”). The trial court did not address the State’s arguments, such as whether, in passing the privacy amendment in 1980, voters intended to deprive Florida and its citizens of the benefits' of advances in medical knowledge and evolutions in federal law recognizing increasingly compelling state interests arising from, among other factors, the potentiality, of life uniquely represented by the human fetus. Likewise, the trial court did not address the evidence of intent reflected in the State’s many post-1980 laws and regulations specific to abortion; nor the evidence of voter intent reflected in the 2004 adoption of article X, section 22, of the Florida Constitution, which in effect overruled North Florida Women’s and authorized a requirement of parental notice of termination of a minor’s pregnancy.
It is not clear from this limited record whether the trial court applied the correct legal standard to determine whether Appellees adequately demonstrated a substantial likelihood of success on the merits. Here, the court failed to make sufficient factually-supported findings about the existence of a significant restriction on a woman’s right to seek an abortion. The court failed to make any findings regarding the State’s compelling interests' in support of this statute, which the State has argued include compelling interests in providing women a short time to reflect privately after receiving required relevant information, in maintaining the integrity of the medical profession by making that post-informed reflective time free from influence by a physician or clinic personnel, ■ in protecting the unique potentiality of human life, in protecting the organic law of Florida from interpretations and impacts never contemplated or approved by Floridians or their elected representatives, and in protecting the viability of a duly-enacted' state law. The trial court’s failure to make sufficient factually-supported findings about whether the law imposes a significant restriction, and about the State’s compelling interests, renders the trial court’s sparse legal analysis and conclusions unsupportable and the injunction deficient, and hampers meaningful appellate review.
The order is also deficient in failing to address the legal requirements for a facial constitutional challenge to a statute, an issue the parties disputed below. The State advocated a “no-set-of-circumstances” test. See, e.g., Crist v. Ervin, 56 So.3d 745, 747 (Fla.2010); Cashatt v. State, 873 So.2d 430, 434 (Fla. 1st DCA 2004); see also Gonzales v. Carhart, 550 U.S. 124, 168, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007) (upholding abortion law against facial challenge where challengers failed to sustain heavy burden of, at a minimum, proving the law to be unconstitutional in “a large fraction” of relevant cases). Appellees argued that the “no circumstances” test does not apply in Florida abortion cases. Neither the record nor the order reflects whether the trial court applied the appropriate facial challenge analysis, and this omission thwarts meaningful appellate review of the injunction order.
Taken together, the inadequate record before.the trial court, the inadequate factual findings on the three disputed elements of an injunction, and the trial court’s failure to demonstrate that it applied the proper legal analysis, render this tempo *283 rary injunction invalid and thwart meaningful appellate review. Accordingly, we reverse the temporary injunction enjoining the enforcement of Chapter 15-118, Laws of Florida (amending section 390.0111(3), Florida .Statutes). We also, effective immediately upon release of this opinion, reverse the trial court’s .order vacating the automatic stay created by Florida Rule of Appellate Procedure 9.310(b)(2),, notwithstanding the filing of any post-decision motions. See Fla. R.App. P. 9.330, 9.331.
REVERSED.
KELSEY, J. and STONE, WILLIAM F., Associate Judge, concur; THOMAS, J., concurs with opinion.